IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARITY TERSIA MARSHALL, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:26-CV-1374-N-BK |
| | § | |
| METHODIST RICHARDSON MEDICAL | § | |
| CENTER, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I. BACKGROUND

On April 29, 2026, *pro se* Plaintiff Charity T. Marshall filed a complaint against Defendants Glen Oaks Mental Hospital in Greenville, Texas, and Methodist Richardson Medical Center. Doc. 3 at 1-2. At minimum, the complaint is inartfully pled and illogical. Marshall alleges Defendants: (1) violated her habeas corpus rights, and (2) stole her passport, wallet, and money from her Wells Fargo Bank account. Doc. 3 at 3-4. She requests seven billion dollars in

damages.  Doc. 3 at 4.  Upon review, the Court concludes that subject matter jurisdiction is lacking.  Thus, this action should be dismissed.[1]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).  Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists.  *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e)

---

[1] Because jurisdiction is lacking, the Court need not address the deficiencies in the complaint and motion to proceed *in forma pauperis*.  The Court also notes that the mailing address Plaintiff provided is a generic post office address.

("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Marshall has not alleged facts which establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted).  Marshall's complaint, however, contains no factual allegations that support federal question jurisdiction.  Doc. 3 at 3.  Marshall alleges only state tort claims, Doc. 4, and on the Civil Cover Sheet, Marshall checks the boxes for torts, including personal injury, health care, and personal property damage causes of action.  Doc. 3 at 6.

Moreover, Marshall's mere mention of habeas corpus rights is insufficient to invoke the Court's federal question jurisdiction.  Doc. 3 at 3-4.  A "single passing reference" to a federal statute does not constitute a cause of action; nor is it "sufficient to support the exercise of federal question jurisdiction"  *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation).  Simply stated, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ."  *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Additionally, Marshall's scant complaint, including the assertion that Plaintiff and Defendants are all in Texas, defeats subject-matter jurisdiction based on diversity.  Doc. 3 at 3-4.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court

cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because Marshall does not present an adequate basis for federal question jurisdiction, and she cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that she may be attempting to assert. 28 U.S.C. § 1367(a).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As outlined above, the facts as alleged in Marshall's complaint establish a lack of subject matter jurisdiction in this Court that is not curable by amendment. Under these circumstances, granting leave to amend would be futile and cause needless delay.[2]

### IV. SANCTION WARNING

This is the third action that Marshall files over which the Court lacks subject matter jurisdiction. *See Marshall v. Earestew & Young, et al.*, No. 3:26-CV-1089-E-BT, 2026 WL 1140141, at *3 (N.D. Tex. Apr. 10, 2026), *rec. adopted*, 2026 WL 1137971, at *1 (N.D. Tex. Apr. 27, 2026); *Marshall v. Wells Fargo*, No. 1:25-CV-437, 2025 WL 2938706, at *2 (D. Haw. Oct. 16, 2025).

Marshall should be warned that if she persists in filing frivolous or baseless actions, or actions over which jurisdiction is lacking, the Court may impose monetary sanctions and bar her

---

[2] The 14-day objection period will permit Marshall to suggest any legally viable claims based on the facts alleged in the complaint over which this Court can exercise subject matter jurisdiction.

from bringing any further court action.  *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A*., 808 F.2d 358, 359 (5th Cir. 1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

**V. CONCLUSION**

For all these reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

In addition, Marshall should be **WARNED** that if she persists in filing frivolous or baseless actions, or actions over which jurisdiction is lacking, the Court may impose monetary sanctions and bar her from filing any future lawsuits.  *See* FED. R. CIV. P. 11(b)(2) and (c)(1).

**SO RECOMMENDED** on May 30, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).